OPINION
Defendant-Appellant, William H. Black ("Appellant"), brings this appeal from a judgment of the Crawford County Court of Common Pleas sentencing him to a five-year prison term for involuntary manslaughter. For the reasons set forth in the following opinion, we affirm the trial court's judgment.
On October 12, 1999, Appellant was indicted on one count of involuntary manslaughter, a felony of the third degree. The matter proceeded to jury trial where Appellant was found guilty of one count of involuntary manslaughter. On May 5, 2000, the trial court sentenced Appellant to the maximum sentence of five years imprisonment. Appellant then appealed his sentence to this Court, asserting among other assignments of error, that the trial court erred by imposing the maximum sentence for Appellant's offense.
In a decision entered November 15, 2000, this Court affirmed in part and reversed in part the trial court's judgment, holding that the trial court failed to comply with the statutory requirements at the sentencing hearing, and remanding the matter to the trial court for further sentencing proceedings consistent with that opinion.
A second sentencing hearing was held on January 22, 2001, where the trial court again sentenced Appellant to the maximum sentence of five years imprisonment. Appellant timely appealed this sentence, submitting the following as his sole assignment of error:
 The trial court's findings that Appellant had committed the worst form of the offense and that the shortest prison term would demean the seriousness of Appellant's conduct and/or not adequately protect the public from future crimes by Appellant or others are not supported by the record, and therefore Appellant's sentence is contrary to law in that he was sentenced to the maximum sentence authorized by law rather than the shortest prison term available.
 Appellant argues that the trial court's decision to impose the maximum sentence is not supported by the facts contained in the record and is contrary to law. We disagree.
R.C. 2953.08(G)(2) permits this court to vacate a sentence and remand it to the trial court for the purpose of resentencing in the event that we clearly and convincingly find either of the following:
 (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
(b) That the sentence is otherwise contrary to law.
 Ohio felony sentencing law requires a trial court to make various findings before it may properly impose a sentence. With regard to those findings, this court has consistently held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14 and 2929.19 which in effect, determine a particular sentence and that a sentence unsupported by those findings is both incomplete and invalid." State v. Bonanno (June 24, 1999), Allen App. No. 1-98-59 and 1-98-60, unreported; see also State v. Martin (1999), 136 Ohio App.3d 355, 362. A trial court must be in strict compliance with the relevant sentencing statutes and make all necessary findings on the record at the sentencing hearing. Bonanno, supra at *3. Furthermore, when required, the court must state its particular reasons for doing so. Id.
When sentencing an offender on a third degree felony, a trial court may impose a prison term of one, two, three, four or five years. R.C.2929.14(A)(3). In addition, when determining whether to impose a prison term as a sanction for a felony of the third degree, the sentencing court shall comply with the purposes and principles of sentencing under R.C.2929.11. Further, the trial court is mandated to review the factors listed in R.C. 2929.13(B)(1) to determine whether any are applicable to the matter at hand. R.C. 2929.13(B)(1).
If the trial court finds that one or more of these factors exist, and, "after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender." R.C. 2929.13(B)(2)(a). R.C. 2929.12 provides various factors a court must consider in determining whether the offender's conduct is more or less serious than conduct normally constituting the offense and the likelihood of recidivism. See R.C. 2929.12(B), (C), (D), (E).
Upon finding that prison is the most appropriate punishment, the trial court must then turn to R.C. 2929.14(B), which provides that if an offender has not previously served a prison sentence, the court must impose the shortest term unless it finds on the record that "the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender * * *." If the court makes this preliminary finding, it may then properly impose the maximum term upon concluding, among other things, that the offender committed one of the worst forms of the crime or that the offender poses the greatest likelihood of committing future crimes. See R.C. 2929.14(C).
Pursuant to R.C. 2929.19(B)(2)(d), the court is then required to state its reasons for imposing the longest prison term available. In State v.Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court articulated the difference between making a finding on the record and giving reasons for imposing a certain sentence. The Court indicated that "finds on the record" merely means that a trial court must specify which statutorily sanctioned ground it has relied upon in deciding to impose a particular sentence, i.e. that the offender committed one of the worst forms of the offense. Id. at 326. However, when a statute further requires the court to provide its reasons for imposing a sentence, as in the case of a maximum term, the court must make the applicable findings, and then provide a factual explanation setting forth the basis for those findings.Id.
In the instant case, the record indicates that the trial court properly considered all relevant statutes and made the required findings necessary to impose the maximum sentence. The sentencing hearing transcript reveals that the trial judge determined that Appellant had caused physical harm to the victim, and that the victim suffered serious physical harm (i.e., death) as a result of the offense. Further, the trial judge found that Appellant demonstrated a pattern of medication abuse related to the offense, and that Appellant had refused treatment for this abuse. The trial court also found that throughout the trial, Appellant showed no remorse for the offense. The court then found that Appellant had not led a law-abiding life, as he had a substantial misdemeanor record. The court noted that these circumstances would likely recur in light of Appellant's self-medicating, his failure to assume responsibility for the crime, and his long history of prescription drug usage.
The trial court, explaining it's reasoning, went into detail about Appellant's abuse of prescription medications and use of medication at the time of the accident, his conduct in operating his vehicle, his striking and killing the victim, the motorist who forced Appellant to pull over as Appellant left the scene and continued operating his vehicle after striking the victim, and Appellant's lack of remorse for the tragic series of events. The court opined that if the following motorist had not performed his civic duty, Appellant would have "kept going for as long as [he] could." As a result, the trial court determined that the shortest prison sentence would demean the seriousness of his conduct and would not adequately protect the public from future crime by him. A thorough review of the record demonstrates that all of these factors are supported by sufficient evidence.
Therefore, despite Appellant's claims to the contrary, we find that the trial court properly considered all relevant statutory sentencing factors and provided a factual explanation setting forth the basis for its findings. We further find that the trial court's findings and the reasons expressed in support of these findings were supported by sufficient evidence contained in the record. As such, we cannot clearly and convincingly find that the record does not support the trial court's findings. Therefore, the trial court did not err sentencing Appellant to the maximum prison term.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
______________________________________ WALTERS, P.J.
SHAW and BRYANT, JJ., concur.